UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUC H. TRUONG, <br><br> Petitioner, <br><br> vs. <br><br> L.S. McEWEN, Warden, <br><br> Respondent. | CASE NO. SA CV 12-1134 JAK (RZ) <br><br> ORDER TO SHOW CAUSE |

The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that this habeas action is time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). For prisoners like Petitioner, whose conviction became final before AEDPA took effect, the limitation period instead typically begins with AEDPA's effective date of April 24, 1996. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1058 (9th Cir. 2007).

///

///

1  The time spent in state court pursuing collateral relief in a timely manner is
2  excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is
3  subject to equitable tolling. *See Holland v. Florida*, 560 U.S. __, 130 S. Ct. 2549, 2560,
4  2562-63, 177 L. Ed. 2d 130 (2010).

5  The current petition was filed on July 12, 2012. From the face of the petition
6  and from judicially-noticeable materials, the Court discerns that –

7 (a) In 1993, an Orange County Superior Court jury convicted Petitioner of
8       murder, personal use of a firearm and multiple counts of residential burglary.
9       He was sentenced to prison for life without possibility of parole. Pet. ¶ 2.
10 (b) The California Court of Appeal affirmed in July 1995. *See People v. Truong*,
11      No. G015257, Cal. Ct. App. (4th Dist., Div. 3, 1995). The California
12      Supreme Court denied a petition for further direct review on October 4, 1995.
13      *See People v. Truong*, No. S048592, Cal. Supreme Ct. (1995). Petitioner did
14      not petition the United States Supreme Court for a writ of *certiorari*.
15 (c) Nearly seventeen years passed without apparent further legal challenges by
16      Petitioner, until the filing of the present petition.

\* \* \* \* \*

18  Unless this Court has miscalculated the limitations period, or some form of
19 additional tolling applies in sufficient measure, this action is time-barred. It appears that
20 Petitioner's limitations period expired over 15 years ago, in April 1997, one year after
21 AEDPA's effective date. No basis for equitable tolling appears from the face of the
22 petition. Petitioner asserts that he "is illiterate and barely speaks English" and, partly for
23 those reasons, was unaware until recently of his legal right to file a federal-court habeas
24 petition. Ignorance of the law is no excuse at all, and Petitioner's difficulties in English,
25 without more, do not excuse such extensive tardiness as is involved here.

26  This Court may raise *sua sponte* the question of the statute of limitations bar,
27 so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260
28 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should

not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

        If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

        IT IS SO ORDERED.

DATED: July 16, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE